KM

WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Randale Joseph Thomas,<br>Plaintiff,<br>v.<br>Chris Mensay,<br>Defendant. | No. CV-26-00612-PHX-JAT (JZB)<br><br>**ORDER TO SHOW CAUSE** |

Self-represented Plaintiff Randale Joseph Thomas, who is confined in a Maricopa County Jail, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis (Doc. 2). Plaintiff subsequently filed a First Amended Complaint (Doc. 5), a Motion for Default Judgment (Doc. 6), and a Motion for Ruling (Doc. 7). The Court will grant the Application to Proceed, deny the Motions, and give Plaintiff 30 days to show cause why this case should not be dismissed as barred by the statute of limitations.

## I. Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $73.53. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

However, courts must "continue to construe [self-represented] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *self-represented* prisoner] 'must be held to less stringent standards than formal pleadings

drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III. First Amended Complaint**

In his one-count First Amended Complaint, Plaintiff sues Phoenix Police Officer Chris Mensay for monetary damages.

Plaintiff alleges he was subjected to an illegal search, in violation of the Fourth Amendment. On November 6, 2022, Defendant Mensay obtained a tracking device search warrant in the Maricopa County Superior Court, allowing him to place a Global Positioning System (GPS) tracking device on Plaintiff's car for a period of up to 60 days. Defendant Mensay filed the search warrant return on December 1, 2022. According to Plaintiff, Arizona Revised Statutes section 13-4293(E) requires a search warrant return to be filed after tracking is concluded. Plaintiff argues "filing the return before the conclusion of the surveillance voided the search warrant leaving no legal basis for continue[d] monitoring from December 1, 2022[,] to January 7, 2023." Plaintiff contends Defendant Mensay illegally tracked Plaintiff during this time, "with no legal authority." Plaintiff states that due to Defendant's "unlawful acts," his privacy was violated and he was deprived of his constitutional rights.

**IV. Statute of Limitations and Order to Show Cause**

Failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of prisoner's time-barred complaint).

The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261,

JDDL

276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1).

Accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, to be timely, Plaintiff's claims must have accrued no more than two years before his Complaint was filed on February 12, 2026.

Plaintiff's unlawful search and seizure claim appears to have accrued on January 7, 2023, the last day his vehicle was tracked. Plaintiff's claims are therefore untimely. *Belanus v. Clark*, 796 F.3d 1021,1026 (9th Cir. 2015) ("a cause of action for illegal search and seizure accrues when the wrongful act occurs"); *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012) (claims related to illegal search and seizure accrued on the search date).[1]

In § 1983 actions, federal courts apply "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Arizona statutorily permits the tolling of a limitations period only in very limited situations not applicable in this action. *See Porter v. Spader*, 239 P.3d 743, 746-47 (Ariz. Ct. App. 2010). Arizona also allows equitable tolling, but a plaintiff bears the burden of establishing with evidence, not simply personal conclusions or assertions, that extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time. *McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696-97 (Ariz. Ct. App. 2007). *See also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly," such as when a claimant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or "where the

---

[1] Arizona Revised Statutes section 13-4293(F) requires that "[w]ithin ninety days after the tracking device's use ends, a copy of the tracking device search warrant must be served on the person who was tracked or whose property was tracked."

complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," and have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").

The Court will give Plaintiff 30 days to show cause why this case should not be dismissed as barred by the statute of limitations. Any response filed by Plaintiff must detail how he was prevented from filing his lawsuit within the two-year statute of limitations and must include any evidence Plaintiff has to support these claims.

## V. Motions

Plaintiff has filed a Motion for Default Judgment (Doc. 6) because Defendant has not responded to the First Amended Complaint, and a Motion for Ruling (Doc. 7) on his Motion for Default Judgment. As noted above, the Court is statutorily required to screen Plaintiff's First Amended Complaint. Defendant is not required to respond until directed to do so by the Court. 42 U.S.C. § 1997(e)(g). Accordingly, the Court will deny Plaintiff's Motion for Default Judgment and deny as moot Plaintiff's Motion for Ruling.

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $73.53.

(3) Plaintiff's Motion for Default (Doc. 6) is **denied**.

(4) Plaintiff's Motion for Ruling (Doc. 7) is **denied** as moot.

(5) Plaintiff has **30 days** from the filing date of this Order to file a response showing cause why this case should not be dismissed as barred by the statute of limitations.

(6) If Plaintiff fails to file a response within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 4th day of September, 2026.

James A. Teilborg
Senior United States District Judge

JDDL